Christian, J.,
delivered the opinion of the court.
The court is of opinion that there is no error in the decree of the circuit court in declaring that the appellants “are not entitled to a general division of the estate of the testator at this time.” The will of the testator contains the following provision: “ I further will and desire that no general division of my estate shall take place until my youngest (then living) child, shall attain the age of twenty years, or at the death of my widow, or in the event of her marriage again.” isone of these contingencies, upon the happening of -which the testator indicated as the period when a general division of his estate should be made, or become necessary and proper, have yet occurred. Until at least one of these events happen, no general division of his estate can be made.
The court is further of opinion that there is no error in said decree so far as it declares that the appellants, “Blanch C., Lillie W., and Judith E. Gates, cannot fol *88 low the fund which they claim in their cross-bill was invested in the Archer and Winfree tracts of land by testator in his life time.”
The claim asserted by these three appellants, is, that they being entitled to one-third in fee, of the farm mentioned in the will known as Seguine, and that the farms known as the Archer and Winfree tracts, being purchased by the testator with the proceeds of the sale' of timber from the Seguine farm, that they have an interest in the said Archer and Winfree tracts to the extent of, one-third of the purchase money. The title to these two last named tracts was in the testator, and disposed of by him in his will, and these appellants cannot claim both under the will, and at the same time claim title to those two tracts of land, but would be put to their election. This would be manifestly to their great disadvantage, as, according to the report of the commissioner, their interest in the timber cut oft' the farm, Seguine, would be only the sum of about $200. But it is shown by the record that the piermanent improvements put on the farm known as Seguine, by the testator in his lifetime (one-third of which farm is the property of these appellants), far exceed in value the timber which was sold by the testator; these permanent improvements being estimated by the commissioner to whom the matter was referred, at upwards of nine thousand dollars. The court is therefore of opinion that there is no error in the decree of said circuit court in rejecting the claim set up by the appellants in their cross-bill.
But the court is further of opinion that the decree of the said circuit court is erroneous, so far as it declares that “ the testator, W. B. Gates, disposed of the farm known as Seguine, by his will, and thereby put his children, Blanch C., Lillie W., and Judith F. Gates, to an election, either to confirm the will as to its disposition of one-third of Seguine, or to claim against the will, and in the latter *89 event they are to compensate out of the property devised to them, from the said testator’s will, the other two children, Maria T., and William Beverly Gates, for what they (the said Maria T., and William Beverly Gates) would lose by said election to claim against the will.”
This decree, in effect, declares that the testator (though entitled to but two-thirds of the farm known as Seguine—the appellants before named being entitled to one-third) had by his will disposed of the whole of it, instead of only that portion (two-thirds) to which he had title.
The clause of the will upon which this decree is founded is as follows: “ Secondly, I wish my estate kept together and managed by my executors (hereinbefore named), as if I were living, to be used for the joint benefit and common good of my wife, Bettie Gates, and my children, Blanch C., Lillie W., Judith F., Maria T., and William Beverly Gates, so long as my widow remains unmarried. Should my executors, however, at any time believe that it would be to the interest and benefit of my wife and children to sell any part of the real or personal estate, they are hereby invested with full power to sell and convey any portion thereof, except the homestead known as Seguine, and the mills and appurtenances thereto attached.”
The question to be determined is, whether by this clause (which is the only one referring to Seguine), the three oldest children of the testator, who own, as the record shows, one-third of Seguine, are put to an election ?
The doctrine of election may be thus stated: That he who accepts a benefit under a deed or will, must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it. If, therefore, a testator has affected to *90 dispose of property which is not his own, and has given a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefit so given to him must make good the testator’s attempted disposition; but if, on the contrary, he choose to enforce his proprietary rights against the testator’s disposition, equity will sequester the property given to him, for the purpose of making satisfaction out of it to the person whom he has disappointed by the assertion of those rights. 1 Jai’man on Wills, 384 (marg.), and cases there cited. And it is immaterial whether the testator, in disposing of that which is not his own, is aware of his want of title, or proceeds upon the erroneous supposition that he is exercising a power of disposition which belongs to him; in either case, whoever claims in opposition to the will must relinquish what the will gives him. Ib. 387.
But in order to raise a case of election, there must appear in the will itself a clear intention on the part of the testator to dispose of that which is not his own. See 1st Lead. Cas. Eq. (Noys v. Mordaunt); Hare & Wallace’s Notes, p. 284 (marg.), and numerous cases there cited. As was said by Lord Eldon, in Rancliffe v. Parkyan, 6 Dow, P. C. 149: “Prima facie it is'not to be supposed that a testator disposes of that which is not his own. It must be by demonstration plain, by necessary implication, meaning by that the utter improbability, that he could have meant otherwise, that the case (of election) is raised. It rests upon those contending for a case of election, to show that there is that manifest, plain demonstration and utter improbability.”- lie further says (p. 185): “It is difficult in any case to apply the doctrine of election, where the testator has some present interest in the estate disposed of,.though it may not be entirely his own.” See also Higginbotham v. Cornwell, 8 Gratt. 83; and Dixon v. Mc Cue, 14 Gratt. 540. These last were eases as to the necessity of a widow electing between her *91 right of dower and the provisions of her husband’s will; but the principles therein declared are the same as those which govern the case before us. In the first case Judge Baldwin, delivering the opinion of the court, says: “ The conclusion against the claim of the widow ought to be as satisfactory as if it were expressed.” In the latter case, Judge Daniel, after commenting on the former case, and remarking that Judge Baldwin had stated the doctrine somewhat too strongly, says: “I think it fairly results from the authorities, that wherever the inference against the widow’s right is clear beyond reasonable doubt—wherever the implications against her are so strong that to defeat them resort must be had ■ to a forced, far-fetched or unreasonable construction of the will, a case is made to put her to her election.”
Applying these principles to the will before us, it is plain that no case of election is raised. Here the testator had an interest to the extent of two-thirds in the farm known as Seguine. There is nothing on the face of the will, taking all its provisions, and construing it as a whole, which indicates clearly or by necessary implication, that the testator intended to dispose of any part of Seguine not his own, or that his disposition as to Seguine was not confined to the two-thirds which he owned in fee simple.
It is to be particularly noticed that the testator nowhere in his will disposes of Seguine specifically. If disposed of at all it is by general words. Indeed, Seguine is not mentioned in the will at all, except in the secón d clause, in which the testator empowers his executors (if to the interest of his wife and children), to sell and convey any portion of the real and personal estate, “ except the homestead known as Seguine.” It cannot be said, upon any fair construction or necessaiy implication, that the testator, in using this language, or in directing a general division of his whole estate upon the death or marriage *92 of his widow, or the arrival at the age of twenty years-of his youngest child, disposed of that part of Seguine which was not his own, but which belonged to his children. Indeed, it may be fairly presumed that the very consideration which influenced the testator to “ except the homestead known as Seguine” from the sale by his executors, was the fact that he knew that he was the owner of but two-thirds, while his children were the owners of the remaining third, At any rate, it is clear that no such plain and unequivocal intention on the part of the testator to give away that which is not his own is indicated, as constitutes, under all the authorities, a case of election.
In Miller v. Thrugood, 33 Beavan, reported also in 42 Law Journal, 1864, Eq. p. 511, the doctrines on the subject of election are stated in language which has peculiar force in application to the case before us. Sir John Romilly says: “The eases upon the subject of election resolve themselves into this: If the testator has a partial interest in the particular property, and he disposes of the whole specifically, and then gives the owner of the other portion some interest under the will, a question of election arises, and the owner of the other portion must elect to take under or against the will. But if the testator does not dispose of the property specifically—if he uses general words, then no question of election arises, as the language he employs applies to his own interest in the property,, and does not imply an intention to dispose of any other property than his own. These principles are to be collected from the cases.”
In the will before us there are no words disposing of Seguine specifically, but only general words disposing of the testator’s whole estate at a certain period, the only mention of Seguine being to except it from the provision of the will empowering his executors to sell his real estate, and that “ exception ” is entirely consistent with *93 the intention of the testator to dispose of the interest only which he had in the property.
The court is therefore Of opinion that the decree of the said circuit court, so far as it puts the appellants to an election, be reversed, and in all other respects be affirmed.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the said decree of the said circuit court, so far as it declares that “the testator, W. 13. Gates, disposed of the farm known as Seguine by his will, and thereby put his children, Blanch C., Lillie ~W., and Judith F. Gates, to an election, either to confirm the will as to one-tliird of Seguine, or to claim against the will,” is erroneous. It is therefore decreed and ordered that the said decree to this extent, be reversed and annulled, but in all other respects affirmed; and that the appellants recover against the appellees their costs by them expended in the prosecution of their appeal and supersedeas here. And this court now proceeding to render such decree as the said circuit court ought to have entered, it is adjudged, ordered and decreed, as the opinion of this court, that the testator, W. B. Gates, did not dispose of the whole of the farm known as Seguine, but only the two-thirds thereof to which he had title; and that, therefore, the appellants, Blanch 0., Lillie "W\, and Judith F. Gates, were not put to an election, either to confirm the will as to its disposition of one-third of Seguine, or to claim against the will, as declared by the decree of the circuit court of Chesterfield.. All of which is ordered to be certified to said circuit court.
Decree reversed.